Mr. Justice Thacher
delivered the opinion of the court.
This action was instituted in the circuit court of Marshall county; at its March term, 1845. At the September term following, being the issue term of the action, the defendant filed the plea of non-assumpsit with a bill of particulars in the nature of a set-off, amounting to $>1100. At the June term, 1846, the defendant filed a plea of payment, with a bill of particulars amounting to f950. This plea was unanswered by the plaintiff.
We have often held that a judgment is erroneous, when the record shows a legal and substantial plea unanswered and undisposed of by the opposite party. If such a state of case exists here, then the judgment must be reversed.
Was the plea of payment properly pleaded in point of time? It is insisted that this plea having been pleaded at a term subsequent to that at which the pleadings had been made up, the record should show an order of court that such indulgence had been granted by the discretion of the court. No such order *418 exists in the record, but the plea contains the usual formula, that such leave had been permitted. Now this case differs materially from that of Price v. Sinclair, 5 S. & M. 254. There the plea of payment was filed at the issue term, but here it is filed at a term subsequent to the issue term; for the issue term, under the act of 1840, regulating practice in this respect, is the first term after the appearance term, at which all the parties defendant are in court, as we have held on this statute. If, then, a plea appears by the record to have been filed at a term at which pleading was permissible, without special order of court, and is unanswered, dr undisposed of, it is error, and we can require no statement in the record of a special order, when no special order is needed; but it is widely different when a plea is found in the record, pleaded to a term subsequent to the issue term, without such order, because these pleas not being permissible except by order of court, the order must appear, or the plea is so radically defective, that it may be disregarded, as having been improperly pleaded in point of time, as was intended in the case of Price v. Sinclair. See also O'Conley v. The President and Selectmen of the City of Natchez, 1 S. & M. 46.
In the affidavit made by the defendant in the circuit court accompanying his motion for a new trial, on the score of newly discovered evidence, he alleges that he could have proved by Jesse Lewellen, the payment to the plaintiff of the amount of the note sued upon, which fact he was not aware of before, or during, the trial. But Jesse Lewellin was a witness upon the trial, and was examined upon the subject of payment. If he omitted to tell all he knew, from inadvertence, or because he was not interrogated thereto, that would not be a good ground for a new trial. 2 S. & M. 597; 5 Ib. 459. The showing of diligence is not sufficient. If such evidence was material, ordinary diligence should have induced the defendant to inquire of the witness in respect to so material a point, while he was being examined upon the subject matter. Wilbor v. McGillicuddy, 3 Miller’s L. R. 382; Graham, N. T. 483.
Judgment affirmed.